JOHN W. WILEY *v.* GEO. W. LOGAN.

*Reference—Practice.*

1. Where in the trial of an action before a referee, the defendant puts his defence on one point which is sustained by the referee, he cannot ask to have other defences tried, not raised before the referee, when the conclusions of the referee have been reversed.

2. So, in an action against the defendant for failing to account for notes put into his hands for collection, the referee ruled that the action could not be maintained for want of a demand, which ruling was sustained by the Superior Court, but sufficient facts were found by the referee to warrant a judgment, the question of demand being removed; *It was held*, that upon reversing the judgment in the Supreme Court, the defendant was not entitled to have the case retried, on the issue as to whether he had ever received the claims or not.

After the judgment in this case, (see 95 N. C., 358,) the referee made his report, and the defendant filed exceptions thereto, which are set out in the opinion.

*Mr. Sam'l F. Mordecai,* for the plaintiff.
*Mr. W. P. Bynum,* for the defendant.

SMITH, C. J. Upon the coming in of the report in response to the order of reference, the defendant files exceptions thereto, as follows:

I. For that no allowance of commissions has been made upon the sum with which he is charged on the claim called the Weaver debt.

II. For that through inadvertence, the defendant is charged with that claim, when it is not demanded nor specified in any manner in the complaint, nor identified as the same indebtedness as that mentioned as due by one Sylvester Mitchell.

III. For that in overruling the conclusion of law of the referee, that for want of a previous demand the defendant had not become liable, no opportunity is allowed to show other defence to the claim.

I. No objection is made to the first exception, and the defendant will be allowed a deduction from the amount found against him of five per centum thereon.

II. There is manifest confusion in the proceedings in which these notes are designated, for while the sums called for in each are the same, they are in general terms referred to in the complaint as "notes on one S. Mitchell, placed in defendant's hands for collection," and so they are designated in one of the plaintiff's exceptions to their rejection by the referee for want of a demand. Yet among the findings of fact, the referee, specifying the year in which the notes were placed with the defendant for collection, and the several amounts ·of each, describes them as the three notes on Sylvester Weaver, in-

stead of Sylvester Mitchell, not indicating otherwise that the same person is meant.

Again, when the plaintiff was examined as a witness upon the inquiry before the referee, and was asked about the solvency of "the claim on Sylvester Mitchell," at the time when it was placed in the defendant's hands, the question is objected to because the claim "was not mentioned specially in the complaint," and no other reason assigned for its exclusion.

When Sylvester Mitchell was under examination by plaintiff, he stated, though objection was made, that his financial standing in 1858 and 1859 was good; upon his cross-examination by defendant, that he did not know of any such outstanding indebtedness of his own, nor does he recollect that the defendant held such claims, nor whether he paid anything to him; and on his re-direct examination, he does not deny his liability on the notes set out in the defendant's receipt.

The defendant, a witness in his own behalf, was asked on cross-examination about the debts of Mitchell, and, after a similar objection that they were not mentioned in the complaint, which was overruled, testified to his want of recollection of such notes or their amount, adding, "I did a great deal of business for Wiley, and at some time may have had notes against Sylvester Mitchell."

Recalled, the plaintiff testified, after the same form of objection, that he did, he thinks in 1858, put three notes in defendant's hands, to collect against Sylvester Mitchell, in the respective sums of $85, $100 and $40, for none of which he had accounted.

These references to the testimony are not made to it for any other purpose than to show that the indebtedness of Mitchell, alleged in the complaint in a general way, authorized the inquiry into the defendant's responsibility in regard to them which was made, and to show that the responsibility

was resisted upon the ground, untenable as it was, that they are not specified in the complaint, and upon none other. They were consequently within the sphere of the order of reference, and were properly taken cognizance of, passed on, and the result reported by the referee, though miscalled by him in his report, as the debts of Weaver, instead of Mitchell.

The referee finds all the elements to exist on which the agent's responsibility depends: the delivery; the solvency of the debtor; and that by proper exertion the debts could have been collected, while it does not appear that they were produced, or the failure to produce them in any manner explained; and he exonerates the defendant in this action because no demand therefor was made.

Now, as all the facts which the parties chose to bring before the referee, do warrant an inference of the defendant's liability, of which the absence of a previous demand is held by the referee to relieve him, and as, in our opinion, the reason given was wholly insufficient, no alternative was left but to declare the defendant's legal accountability, and to sustain the plaintiff's exception thereto. The referee's mistake in the name of the debtor, and such the record seems to show when the subject has been fully inquired into, ought not to be allowed to defeat the plaintiff's right in this regard.

If any defence to the claim existed, it should| have been brought forward before the referee, and the case not hazarded upon the technical want of a demand.

The report, corrected as to the commissions, must be confirmed, and judgment entered accordingly.

No error.                                    Affirmed.